## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. _____

PAMELA STONE, a citizen of the United States,
TWYLA RUSAN, a citizen of the United States,
M. JAMIE MORROW, a citizen of the United States,
THE SOUTH PARK COALITION, INC., a non-profit 501(c)(4) Colorado corporation, and
BE THE CHANGE USA, a non-profit 501(c)(4) Colorado corporation,

      Plaintiffs,

v.

HIGH MOUNTAIN MINING COMPANY, LLC, a Wyoming limited liability company, and
JAMES R. MURRAY, a citizen of the United States,

      Defendants.

_____

## COMPLAINT AND
## JURY DEMAND

_____

By and through counsel, Randall M. Weiner and Annmarie Cording of the Law Offices of Randall M. Weiner, P.C., Plaintiffs Pamela Stone, Twyla Rusan, M. Jamie Morrow, The South Park Coalition, Inc. and Be the Change USA, as and for their Complaint against Defendants High Mountain Mining Company, LLC and James R. Murray, allege the following:

### NATURE OF THE CASE

1.      This is a civil action brought pursuant to the citizen suit provisions of the Federal Water Pollution Control Act, more commonly referred to as the Clean Water Act ("CWA"), 33 U.S.C. § 1251, *et seq.* Defendant High Mountain Mining Co, LLC ("High Mountain Mining") operates the Alma Placer Mine and has discharged pollutants from its lands into the Middle Fork of the South Platte River ("Middle Fork") without a National Pollution Discharge Elimination

System ("NPDES") permit or "dredge and fill" permit, in violation of §301, §402, and §404 of the CWA, 33 U.S.C. §§1311, 1342 and 1344.

2.      The violation is ongoing because there continues to be direct discharges into navigable waters of the U.S. in violation of the CWA.

3.      The violation is ongoing because there are unpermitted pollutants in navigable waters of the U.S. caused by previous discharges by Defendants in violation of the CWA.

4.      Plaintiffs Pamela Stone, Twyla Rusan, M. Jamie Morrow, The South Park Coalition, Inc. and Be the Change USA ("the Plaintiffs") seek declaratory, injunctive, civil penalties and remedial relief, in addition to an award of costs, attorney fees and expert witness fees, for High Mountain Mining's violations pursuant to Sections 309 and 505 of the CWA, 33 U.S.C. §§1319 and 1365.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over the claims specified in this Complaint pursuant to 33 U.S.C. §1365(a) and 28 U.S.C. §1331. The relief requested is authorized pursuant to 33 U.S.C. §§1319 and 1365, and 28 U.S.C. §§2201 and 2202.

6.      On March 16, 2017, in compliance with 33 U.S.C. §1365(b)(1)(A), Plaintiffs mailed notice of the violations specified in this Complaint and of their intent to file suit to Defendants High Mountain Mining and James R. Murray; the Administrator of the United States Environmental Protection Agency ("EPA"); the Administrator of Region 8 of the EPA; the Colorado Attorney General; and Colorado Department of Public Health and Environment ("CDPHE").  A true and correct copy of the notice, sent by registered mail to the recipients, is attached hereto as **Exhibit 1**.

7.     More than sixty days have elapsed since notice was served, and the violations complained of in the notice are continuing, or are reasonably likely to continue.  Neither the EPA nor CDPHE have commenced or are diligently prosecuting a civil or criminal action to redress the violations. Enforcement related activities, if any, undertaken by the State of Colorado do not constitute diligent prosecution under 33 U.S.C. §1319(g).

8.     Venue is appropriate in the District of Colorado pursuant to 33 U.S.C. §1365(c)(1) because the sources of all violations complained of have occurred in this District.

## PARTIES

9.     Plaintiff Pamela Stone is an individual living on the Middle Fork. Her address is 420 Front Street, Fairplay, Colorado 80440, which is riparian land on the Middle Fork.  Ms. Stone is a taxpayer to the Town of Fairplay, Colorado.

10.     Plaintiff Twyla Rusan is an individual living on or near the Middle Fork. Her address is 600 Silverwheels Cir., Fairplay, Colorado 80440. Ms. Rusan is a taxpayer of the Town of Fairplay, Colorado.

11.     M. Jamie Morrow is an individual living near the Middle Fork.  Her address is 654 Tristan Loop, Fairplay, Colorado 80440. Ms. Morrow is a taxpayer of the Town of Fairplay, Colorado.

12.     Plaintiff The South Park Coalition, Inc. is a 501(c)(4) non-profit corporation made up of approximately 100 members, some of whom live in or around the Middle Fork.  The South Park Coalition, Inc. is an environmental, public interest and public trust advocacy organization working to enhance the natural resources of Park County, Colorado and the South Park Basin. All of its members are concerned about the water quality of the Middle Fork and the impact that

impaired water quality and sediment discharges to the Middle Fork has had or may have on property values, recreational activities (including, hiking, fishing, picnicking, biking), and tourism, and aesthetic enjoyment of the Middle Fork.

13.     Plaintiff Be the Change USA is a 501(c)(4) non-profit corporation, some of whose members and directors live in or around the South Platte River.  Be the Change is an environmental, public interest and advocacy organization. Its members are concerned about the water quality of the Middle Fork and the impact that impaired water quality and sediment discharges to the Middle Fork has had or may have on property values, recreational activities (including, hiking, fishing, picnicking, biking), and tourism, and aesthetic enjoyment of the Middle Fork.

14.     On information and belief, Defendant High Mountain Mining was formed in Colorado on May 16, 2012 and is a Wyoming limited liability company.

15.     On information and belief, High Mountain Mining owns and operates the Alma Placer Mine which is located in Park County, Colorado.  High Mountain Mining's principal mailing address is listed as 3040 S. Vallejo Street, Englewood, CO 80110.

16.     On information and belief, the location coordinates of the Alma Placer Mine are 39' 17' 3' N/106' 3' 48' W Park County within Section 1 Township 9S, Range 78W, of the 6th. P.M. (Alma, Colorado).

17.     On information and belief, Defendant James R. Murray is a managing member (owner) of High Mountain Mining.

18.     On information and belief, Defendant Murray is the mine operator at the Alma Placer Mine.

## CITIZEN ENFORCEMENT

19.     CWA violators are subject to enforcement activities initiated by the EPA, states, and citizens. 33 U.S.C. §§1319 & 1365(a).

20.     CWA §505 authorizes citizens to bring suit against any person, including an agency and/or responsible employees, who are alleged to be in violation of the CWA.  33 U.S.C. §1365.

21.     Plaintiffs have standing to pursue this action because Plaintiffs and/or their members have been adversely affected by High Mountain Mining's previous, ongoing and future violations of law, the injuries suffered by Plaintiffs and/or their members are fairly traceable to the actions of High Mountain Mining and the injuries complained of by Plaintiffs include injury to aesthetic, recreational or environmental values and can be remedied by the relief requested herein.   Plaintiffs are persons for whom the aesthetic and recreational values of the area will be lessened by High Mountain Mining's discharge.  Accordingly, Plaintiffs have standing to bring this action and this Court has subject matter jurisdiction over this action.

## FACTS

22.     On information and belief, the Middle Fork between the Town of Alma and the Fairplay Reservoir is the highest known Brown Trout recruitment fishery in the lower 48 states.

23.     On information and belief, in recent years 3.9 million people visit South Park annually.

24.     On information and belief, 1,300 square miles of South Park are designated as a National Heritage Area by U.S. Congress under the National Park Services, making it one of only 40 such sites in the United States.

25.     On information and belief, on or about 2013, the Town of Fairplay spent over $170,000 dredging the Reservoir at Fairplay Beach of sediment which had built up over 20 years.

26.     The Middle Fork is a navigable water of the United States.

27.     On information and belief, Defendant Murray is the mine operator of the Alma Placer Mine who directs the workings of, manages, and/or conducts the affairs of the Alma Placer Mine.

28.     On information and belief, Defendant Murray manages, directs, and/or conducts operations at the Alma Placer Mine specifically related to the activities that resulted in the pollution at issue, that is, operations having to do with disposal of mine waste, detection of discharges, or decisions about compliance with environmental regulations.

29.     On information and belief, High Mountain Mining has been violating the CWA by discharging pollutants from the Alma Placer Mine into the Middle Fork.

30.     On information and belief, High Mountain Mining's discharges consist of at least three potential point sources of the discharges complained of: the intake pipe at the Alma Placer Mine, and two separate pipes/culverts at or about the lower limits of the Alma Placer Mine (underneath Highway 9, approximately 0.3 – 0.5 miles downstream from the "Pump House" ) (the "Culvert Discharges").

31.     On information and belief, another source of pollutants to the Middle Fork is likely the Alma Placer Mine sediment ponds (the "Groundwater Discharges").  The sediment ponds possess no liner preventing the mine waste from seeping through the alluvium into the Middle Fork.

32.     On information and belief, High Mountain Mining has been discharging pollutants into the Middle Fork since on or before October 3, 2014.

33.     High Mountain Mining admitted that it was responsible for an unpermitted discharge of pollutants into the Middle Fork on or about October 3-4, 2014 (the "Admitted 2014 Discharge").

34.     High Mountain Mining identified the intake pipe at the Alma Placer Mine as a source for the Admitted 2014 Discharge.

35.     On information and belief, the Admitted 2014 Discharge continued to run down the Middle Fork for a period of approximately three (3) days, during which time it was visible to onlookers as a brilliant orange-butterscotch color discharge.

36.     On information and belief, the Admitted 2014 Discharge left sedimentary material along the banks and in the shallow eddies of the River.

37.     The Admitted 2014 Discharge greatly affected and affects Plaintiffs and their members ability to enjoy the Middle Fork because of the appalling pollution during the days in 2014 in question.  The sediment from the Admitted 2014 Discharge remains on the banks of the Middle Fork, is aesthetically displeasing to Plaintiffs and their members, and interferes with Plaintiffs and their members enjoyment of the Middle Fork.

38.     The Admitted 2014 Discharge noticeably affected Plaintiff Stone's recreational use (including fishing, wading, dog walking, picnicking, hiking) of the Middle Fork.

39.     On information and belief, Defendants are responsible for three additional sources of ongoing, unpermitted discharges exist: the Culvert Discharges and the Groundwater Discharges.  These discharges represent sources of contamination that are ongoing and likely to

continue absent modifications to the Alma Placer Mine.

40.     Plaintiff South Park Coalition, Inc. is comprised of approximately 100 members, and they are concerned about the impact the impaired water quality and sediment discharges to the Middle Fork has had—and continues to have—on their use of the Middle Fork for recreation including fishing, wading, dog walking, picnicking, and hiking.

41.     High Mountain Mining does not have a NPDES or State Pollutant Discharge Elimination System (SPDES) permit pursuant to the Clean Water Act and/or state statutes and regulations.

42.     CDPHE is the only agency with delegated authority in the State of Colorado to issue a NPDES or SPDES permit, or to enforce the lack thereof.

43.     On information and belief, High Mountain Mining has never removed the material it deposited into the Middle Fork on or around October 3-4, 2014.

44.     On information and belief, High Mountain Mining does not possess a dredge and fill permit under §404 of the Clean Water Act, 33 U.S.C. §1344, for the fill material it deposited into the Middle Fork as a result of the Admitted 2014 Discharge.

45.     On information and belief, the various discharges from the Alma Placer Mine caused and continue to cause pollutants to enter into the Middle Fork.

46.     On information and belief, the pollutants contained in High Mountain Mining's discharges include, but are not limited to, aluminum, magnesium, manganese, potassium, sodium, sulfur, uranium, iron, lead, and carbon.

47.     On information and belief, a probability of reoccurrence exists for further discharges and/or ongoing migration of the discharged sediment into the navigable waters of the

United States.

48.     On information and belief, High Mountain Mining's discharges adversely affect Plaintiffs' recreational activities (i.e., fishing, wading, dog walking, picnicking, hiking), tourism, and other recreational and aesthetic enjoyment on the Middle Fork.

49.     On information and belief, High Mountain Mining's unpermitted discharges of pollutants into the Middle Fork increased the sediment along Fairplay Beach downstream in Fairplay, Colorado.

50.     On information and belief, High Mountain Mining's previous, ongoing, and future violations of the CWA harm the Plaintiffs' ability to enjoy the activities described above in and around the affected waters. These are actual, concrete injuries suffered by the Plaintiffs and are fairly traceable to High Mountain Mining's violations and capable of redress by action of this Court.  Plaintiffs have no other adequate remedy at law.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
### (Violations of 33 U.S.C. § 1311 and 1342 for Unpermitted
### Discharges to Navigable Waters Under §402)

51.     All preceding paragraphs are incorporated herein by reference.

52.     On information and belief, Defendants have discharged, have caused to be discharged, are discharging, are causing to be discharging, and/or are reasonably likely to continue to discharge pollutants into the navigable waters of the United States without a NPDES permit in violation of Sections 301(a) and 402 of the CWA, 33 U.S.C. §1311(a), and 33 U.S.C. 1342.

53.     On information and belief, these pollutants complained of herein originate from the Alma Placer Mine.

54.     On information and belief, Defendants' discharges in violation of Sections 301 and 402 of the Clean Water Act are comprised of the Admitted 2014 Discharge, the Culvert Discharges and the Groundwater Discharges.

55.     High Mountain Mining has not possessed, and currently does not possess, a permit under §402 of the CWA, 33 U.S.C. §1342 to discharge into the Middle Fork for the Admitted 2014 Discharge, the Culvert Discharges or the Groundwater Discharges.

56.     On information and belief, the pollutants complained of herein enter the Middle Fork via point sources.

57.     The Middle Fork is a navigable water of the United States, and/or flows into other navigable waters of the United States.

58.     On information and belief, there is a reasonable likelihood of ongoing discharges by Defendants, which has caused and will continue to cause lasting environmental degradation of the Middle Fork.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
#### (Violations of 33 U.S.C. § 1311 and 1344 for Unpermitted Discharges to Navigable Waters Under §404)

59.     All preceding paragraphs are incorporated herein by reference.

60.     On information and belief, Defendants have discharged and/or have caused to be discharged dredge and/or fill material into the Middle Fork on October 3-4, 2014.

61.      High Mountain Mining has not possessed, and currently does not possess, a permit under §404 of the CWA, 33 U.S.C. §1344 to discharge the dredge and/or fill material it discharged into the Middle Fork on October 3-4, 2014.

62.     On information and belief, the dredge and/or fill material deposited by Defendants

into the Middle Fork is still present therein, constituting a continuing violation of Section 404 of the CWA.

63.     On information and belief, the dredge and/or fill material has negatively impacted, and continues to negatively impact, Fairplay Beach in the Town of Fairplay.

64.     On information and belief, these violations are ongoing and there is a reasonable likelihood they will continue absent redress from the Court.

## RELIEF REQUESTED

Wherefore, Plaintiffs respectfully request this Court grant the following relief:

A.     Issue an Order declaring Defendants in violation of the CWA;

B.     Enter a money judgment imposing civil penalties against Defendants for their violations of the CWA;

C.     Order remedial relief as necessary to restore, remediate and rehabilitate the Middle Fork and riparian areas caused to by the violations described herein;

D.     Any other relief pursuant to the CWA including 33 U.S.C. §§1319 and 1365 which is appropriate;

E.     Issue an order awarding Plaintiffs their litigation expenses, including reasonable attorneys fees, expert witness fees, and costs, as authorized by the CWA under 33 U.S.C. §1365;

F.     Retain jurisdiction over this matter until Defendants achieve compliance with the Orders of this Court; and

G.     Award such other relief as this Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed.R.Civ.P. § 38, Plaintiffs hereby demand a trial by jury on all issues so triable in this action.

Respectfully submitted this 29th day of May, 2017.

LAW OFFICES OF RANDALL M.
WEINER, P.C.

By:     */s/ Randall M. Weiner*
        Randall M. Weiner
        Annmarie Cording
        Law Offices of Randall M. Weiner, PC
        3100 Arapahoe Avenue, Suite 202
        Boulder, CO  80303
        Telephone: (303) 440-3321
        FAX: (720) 292-1687
        E-mail: randall@randallweiner.com
        *Attorney for Plaintiffs*